**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13cv276**
**[3:97cr333]**

| | | |
|---|---|---|
| **LEROY JOSEPH KELLY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| ______________________________ | ) | |

**THIS MATTER** is before the court on petitioner's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody"(#1). Previously, this court deemed petitioner's Modify Sentence Under 18 U.S.C. § 3582(1)(B) [§ 3582(b)(1)]" (United States v. Kelly, 3:97cr333-1 (#74)) to be a successive Motion to Vacate, Set Aside, Or Modify Sentence under 28, United States Code, Section 2255, id. at Order (#75), which was affirmed by the Court of Appeals for the Fourth Circuit, Kelly v. United States, No. 12-6937 (4th Cir. Oct. 2, 2012).

For the first time, petitioner argues that his Motion to Vacate is not a second or successive petition because in 2002, while granting in part his first Motion to Vacate, Judge Voorhees held that "the Court will not address the remainder of the Petitioner's claims but will dismiss them without prejudice to file another habeas motion, if necessary, after a direct appeal." Order (#44) at 2. The court will, therefore, conduct an

initial screening of the instant petition without considering it to be a second or successive petition.

## INITIAL SCREENING

The court has considered the pending motion and determined that, to the extent petitioner seeks relief under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, an initial screening of the petition under the Rules Governing § 2255 Proceedings, Rule 4(b) 28 U.S.C. §2255 is appropriate:

1. The court finds that the petition has been signed under penalty of perjury, Rule 2(b)(5), Rules Governing Section 2255 Proceedings:

2. The court finds that petitioner has asserted that this action has been timely filed under § 2255(f). See Petition (#1) at 12. He contends that "[a]ny motion/petition this Petitioner filed was misconstrued as a second/successive petition, therefore, unauthorized to be filed . This misconstruction occurred from 2005 till the present." Reading Judge Voorhees's Order (#44) in a light most favorable to petitioner, he had one year from his judgment became final to file another Motion to Vacate. Review of the pleadings reveals that petitioner exhausted his direct appeal of the Judgment in this case on November 29, 2004, when the United States Supreme Court denied the petition for *certiorari*. <u>See</u> FCCA Order (#50). The next filing by petitioner was not until August 1, 2007 (with a mailing date of July 26, 2007), of a Motion for Temporary Restraining Order. While the court agrees with petitioner that Judge Voorhees's Order left the door

open to file another Motion to Vacate, the deadline for filing such a petition ran not later than November 29, 2005. Thus, there was no petition filed within the applicable time to be "misconstrued."

District courts are "permitted, but not obliged, to consider, sua sponte, the timeliness of a . . . habeas petition." Day v. McDonough, 547 U.S. 198, 209 (2006); see also Eriline Co. S.A. v. Johnson, 440 F.3d 648, 655 (4th Cir.2006) (carving out habeas corpus petitions and in forma pauperis complaints as narrow circumstances to permit sua sponte consideration of statute of limitations when defense is clear on face of petition or complaint). Inasmuch as the AEDPA's "limitations provisions ... do not speak in jurisdictional terms or refer in any way to the jurisdiction of district courts ... § 2255's limitations period is subject to equitable modifications such as tolling." United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). There is no basis for equitable tolling in this case as it appears that petitioner has at all times been quite capable of accessing the courts. As the defense appears from the face of the pleadings and the court knows of no reason why the government would waive enforcement in this case, the court will consider the timeliness issue sua sponte. In an abundance of caution, the court has considered the instant petition as if it had been filed August 30, 2011 (with a mailing date of August 20, 2011), the date the second Motion to Vacate was filed.

The court has considered whether this petition was timely filed under §2255(f)(1), which provides"[a] 1-year period of limitation [shall run from] . . . the date on which the

judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Petitioner's judgment of conviction became final not later than November 29, 2004, when the Supreme Court denied *certiorari*. In calculating the 12 months from the date on which the Judgment of Conviction becomes final, a conviction is final for § 2255(f)(1) purposes "on the date when the petitioner could no longer seek direct review." United States v. Walker, 1998 WL 756928, *1 (4th Cir.1998)(citations omitted). Thus, this petition is untimely.

The court has considered whether this petition was timely filed under §2255(f)(2), which provides"[a] 1-year period of limitation [shall run from] . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). While petitioner contends that the "misconstruction occurred from 2005 until the present," the record reveals that there was no impediment imposed on petitioner filing any motion seeking collateral relief in the year following denial of certiorari.

The court has also considered whether petitioner's claim would be timely under § 2255(f)(3), which provides as follows:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> ***
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

18 U.S.C. § 2255(f)(3). Petitioner has made no allegation of the retroactive application of any newly recognized right.[1]

The court has also considered whether the § 2255 petition was timely filed under §2255(f)(4), which provides "[a] 1-year period of limitation [shall run from] . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). None of petitioner's arguable claims (ineffective assistance of trial counsel and prosecutorial misconduct) involve the discovery of any new evidence. The term "fact" as used in § 2255(f)(4) refers to an actual or alleged event or circumstance, but not to the date a petitioner recognizes the legal significance of such event. United States v. Pollard, 416 F.3d 48, 55 (D.C. Cir. 2005) (Sentelle, C.J., relying on and citing *Black's Law Dictionary* 7th Ed. at 610).

**ORDER**

**IT IS, THEREFORE, IT IS HEREBY ORDERED** that petitioner's Motion to Vacate, Set Aside, Or Modify Sentence under 28, United States Code, Section 2255 (#1), is **DISMISSED** as untimely.

**Declination of a Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this court declines to issue a certificate of appealability as petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller -El v.

1 Close review of the Presentence Report indicates the presence of no Simmons issues.

Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484–85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 10, 2013

Max O. Cogburn Jr.
United States District Judge